# THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW DUBACH,<br><br>                          Plaintiff,<br>v.<br><br>EVERGY, INC.,<br><br>  **Serve**: Resident Agent<br>            Corporation Service Company<br>            2900 SW Wanamaker Drive, Suite 204<br>            Topeka, KS 66614<br><br>                          Defendant. | **Case No.**<br><br>**JURY TRIAL REQUESTED** |

# COMPLAINT

1. Plaintiff Matthew Dubach states his causes of action against Defendant Evergy, Inc. ("Evergy" or "Defendant") as follows:

2. This is an action for disability discrimination and retaliation for having alleged discriminatory treatment and for requesting a reasonable accommodation. Plaintiff's claims of discrimination and retaliation arise under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* (ADA).

3. Plaintiff also brings claims of retaliation for his lawful exercise of his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.* (FMLA).

4. Plaintiff is a journeyman electrician in the Evergy plant in Lawrence, Kansas. He has Type 2 diabetes, for which he requires accommodations of leave for medical appointments and other needs related to his condition, and for which he has sought and received approval for intermittent FMLA leave.

5. In April 2019, Plaintiff applied for a promotion for which he was highly qualified. He was not selected for the position. He contacted a member of the selection committee to ask why he had not been selected. The individual responded by text with "Not 100 percent sure. I think to [sic] much FMLA."

6. Plaintiff complained to Human Resources about the non-selection on the basis of his use of FMLA leave, and he was told that because the initial selectee declined the position, he was still being considered and that their investigation was closed.

7. However, Plaintiff was still not selected for the position although he was far more qualified for the position than was the selectee.

8. Plaintiff had previously sought and had not received other promotions during his tenure with Evergy, Inc.

9. Plaintiff seeks all available legal and equitable remedies for claims under the ADA and the FMLA including, back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 U.S.C. § 1331, which provides original jurisdiction in this Court for suits arising under federal law.

11. This Court has jurisdiction over Plaintiff's claim because Plaintiff filed a timely Charge of Discrimination with the proper administrative agency and received a Right-to-Sue letter mailed May 7, 2020, and received thereafter.

12. Venue is proper in the United States District Court for the District of Kansas under 28 U.S.C. § 1391(b)(2), because the events giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

13. Plaintiff Matthew Dubach was, at all times relevant to this lawsuit, a resident of Shawnee County, Kansas.

14. Defendant Evergy, Inc. is a foreign for-profit corporation authorized to do business in Kansas. Defendant Evergy, Inc. is an employer within the meaning of the FMLA and the ADA.

**ADMINISTRATIVE PROCEEDINGS**

15. On or about October 21, 2019, Mr. Dubach filed a timely charge of discrimination against Evergy, Inc. with the EEOC. A copy of Mr. Dubach's charge is attached as Exhibit A.

16. On or about May 7, 2020, the EEOC mailed a notice of right to sue pursuant to the ADA to Mr. Dubach, and he received it thereafter. A copy of the Right to Sue Notice is attached as Exhibit B.

17. This action has been filed with this Court within 90 days of Mr. Dubach's receipt of the right-to-sue notice of from the EEOC. Mr. Dubach has fully complied with all administrative prerequisites before filing this action.

**FACTUAL BACKGROUND**

18. Plaintiff is a journeyman electrician. He has worked for Defendant for approximately 11 years, and in general, his work has been well received by management.

19. Plaintiff has Type 2 diabetes, which significantly impairs his activities of daily living, including his ability to eat and to work when his condition is flared and which requires medical visits for management.

20. Plaintiff has sought and received intermittent leave under the FMLA for health care management of his Type 2 diabetes approximately 10 times during the course of his career with Defendant.

21. Plaintiff has always complied with statutory obligations and Defendant's rules on requesting leave, and has never exhausted his leave allotment under the FMLA or been disciplined for leave abuse.

22. On multiple occasions, however, management cited Plaintiff's use of leave for health care management as a basis to downgrade Plaintiff's rating on his annual performance review.

23. In his capacity as a union representative, Plaintiff has worked with other employees whose annual performance reviews have been downgraded for using FMLA leave.

24. In April 2019, Plaintiff applied for a promotion to the position of Maintenance Foreman, Position Number GEN 002M, at the Jeffrey Energy Center.

25. Plaintiff and five other candidates were interviewed.

26. After the interview, JP Kline, a management official on the selection committee, told Plaintiff he had performed very well in the interview and that he was very likely the top candidate for the position.

27. After the interview, management checked Plaintiff's references.

28. Plaintiff was not awarded the position.

29. Plaintiff contacted JP Kline to ask why he had not gotten the position.

30. Mr. Kline responded by text with "Not 100 percent sure. I think to [sic] much FMLA."

31. After receiving Mr. Kline's text, Plaintiff spoke with Allison Garcia in Human Resources about the basis for the nonselection.

32. Ms. Garcia told Plaintiff that he was still under consideration for the position, as the initial selectee had declined the job.

33. On or about July 30, 2019, she also told him that his complaint was closed.

34. The day after Ms. Garcia told Plaintiff his complaint was closed, Defendant offered the position to someone else.

35. On information and belief, the selectee was trained as a mechanic and had no electrician skills, although the position required electrician skills. Plaintiff is a journeyman electrician.

36. On information and belief, the selectee did not have a chronic disability.

37. Plaintiff had previously applied for a gas turbine position in the Emporia Plant, and was told he had performed well in the interview, but learned later on that he was not selected.

38. On information and belief, the selectee for the position in Emporia did not have a chronic disability.

## COUNT I: FMLA RETALIATION

39. Plaintiff was employed by Defendant.

40. Plaintiff in good faith exercised his rights with Defendant under the FMLA to take leave for a qualifying serious health condition.

41. Defendant granted Plaintiff's requests for leave pursuant to the FMLA.

42. Defendant retaliated against Plaintiff in the terms and conditions of his employment by denying him a promotion on the basis of his usage of leave.

43. Plaintiff's exercise of his rights under the FMLA was a motivating and/or determining factor in Defendant's management of and ultimate decision to terminate Plaintiff's employment.

44. Defendant's actions were willful, outrageous, and done with reckless indifference to Plaintiff's rights under the FMLA.

45. Defendant failed to make good-faith efforts to enforce its policies to prevent retaliation against its employees, including Plaintiff.

46. As a direct and proximate result of Defendant's action and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

47. As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

48. Defendant's conduct was willful thereby entitling Plaintiff to an equal amount as liquidated damages and other equitable relief.

49. Plaintiff is also entitled to recover all of her costs, expenses, and fees incurred in this matter.

**WHEREFORE**, Plaintiff prays for judgment against Defendant on Count I, for a finding that he has been subjected to unlawful retaliation  prohibited by the FMLA; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of compensatory and liquidated damages; for equitable relief including reinstatement or an award of front pay in a reasonable amount; for his costs expended and for reasonable attorney's fees and for such other and further relief as the Court deems just and proper.

**COUNT II: DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE**

50. The serious health condition prompting the FMLA leave throughout his tenure with Defendant is either a disabling condition under the ADA or has caused Defendant to regard Plaintiff as a disabled individual with a condition that substantially limited his daily life activities, including his ability to eat and to work when his condition was flared.

51. Plaintiff was an otherwise qualified individual able to perform the essential functions his job with or without reasonable accommodations.

52. Defendant was aware of Plaintiff's leave and his condition.

53. Defendant did not select Plaintiff for promotions because he took too much approved leave to manage his chronic condition.

54. Defendant's treatment of Plaintiff amounted to discrimination in violation of the ADA.

**WHEREFORE**, Plaintiff prays for judgment against Defendant on Count II of his Complaint, for a finding that he has been subjected to unlawful discrimination and wrongful termination based on his disability, for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of compensatory and punitive damages; equitable relief including reinstatement where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive or intimidating treatment, or an award of front pay in a reasonable amount; for his costs expended; for his reasonable attorneys' and expert witnesses' fees; and for such other and further relief the Court deems just and proper.

## COUNT III: RETALIATION

55. Plaintiff complained to Defendant's Human Resources Department that he had been the target of discrimination on the basis of his disability in the non-selection.

56. Plaintiff's complaint constituted a protected activity.

57. Plaintiff's opposition to the discrimination was reasonable and unambiguous.

58. After and because of Plaintiff's complaint, he was not selected for a promotion for which he was highly qualified and for which the selectee was less qualified.

59. The selectee does not have a chronic disabling condition.

60. Defendant unlawfully retaliated against Plaintiff for his protected activity. Defendant knowingly used false, pretextual reasons to mask its unlawful retaliation. Defendant's conduct violated Plaintiff's rights under the ADA and was undertaken willfully and maliciously so as to support an award of punitive damages under the ADA.

**WHEREFORE**, Plaintiff prays for judgment against Defendant on Count III of his Complaint, for a finding that he has been subjected to unlawful discrimination and wrongful termination based on his disability, for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of compensatory and punitive damages; equitable relief including reinstatement where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive or intimidating treatment, or an award of front pay in a reasonable amount; for his costs expended; for his reasonable attorneys' and expert witnesses' fees; and for such other and further relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Matthew Dubach hereby requests a trial by jury on all claims in his Complaint that may properly be submitted to a jury.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial of this matter.

Respectfully submitted,

**DUGAN SCHLOZMAN LLC**


 /s/ *Mark V. Dugan*
Heather J. Schlozman, KS Bar # 23869
Mark V. Dugan, KS Bar # 23897
heathis@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone:  (913) 322-3528
Facsimile:   (913) 904-0213

**Counsel for Plaintiff**